on his attorneys. Pitt v. Davison, 37 N. Y. 235; Zimmerman v. Zimmerman (Sup.) 14 N. Y. Supp. 444.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion remitted to the special term, to be heard upon the merits, when the court can give the defendant such time to appear and submit to examination as may be deemed reasonable under all the circumstances. All concur.

---

(1 App. Div. 486.)

## HATTERMAN v. SIEMANN et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

1. NEGLIGENCE—DISEASE FROM INFECTED CLOTHING IN LAUNDRY—COMPLAINT.
    A complaint for injuries from a disease contracted in washing clothing infected therewith, which had been negligently put in the laundry by defendant, should allege the name and nature of the disease, if known.
2. SAME—BILL OF PARTICULARS.
    Where a complaint for personal injuries from a disease. contracted through defendant's negligence and misconduct alleges the facts constituting such negligence and misconduct, a bill of particulars for special damages need not allege those facts.

Appeal from special term, New York county.

Action by Marie Hatterman, an infant, by John Hatterman, her guardian ad litem, against Henry Siemann and Trina Siemann for personal injuries caused by defendants' negligence in delivering to plaintiff, to be washed, clothing contaminated with a contagious disease. Defendants moved for an order requiring plaintiff to make the complaint more certain, and to furnish a bill of particulars. An order was entered granting defendants some relief, but it is claimed that the court should have gone further, and compelled plaintiff to state in her complaint the name, nature, character, or other description of the dangerous and contagious disease which she claims she contracted, and to state in her bill of particulars the fault, carelessness, negligence, wrongdoing, and unlawful conduct complained of. Defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and PATTERSON, JJ.

Fred P. Hummel, for appellants.
John H. Whiting, for respondent.

WILLIAMS, J. As far as the bill of particulars is concerned, we think the defendants entitled to no further relief. The complaint states with sufficient clearness that the negligence and wrongful conduct on the part of defendants complained of consisted of their delivering to plaintiff, and directing her to wash and launder, the underclothing impregnated with the disease, she being ignorant of its condition. As to the name, nature, character, or other description of the disease, we think the complaint is not sufficiently specific, and that the order should have required it to be made more definite and certain. The complaint describes the dis-

ease as a dangerous and contagious disease, of a venereal character. This is a very general description, and may cover a variety of diseases, very different in their particular characteristics, and readily distinguishable from each other. No affidavit on the part of the plaintiff was read in opposition to the motion, tending to show that there was any difficulty in determining what the particular nature of the disease was. She, apparently, is a young woman, as she appears and sues by a guardian; and she might not, of her own knowledge, be able to state the particular name or nature of the disease; yet she alleges in her complaint that she has expended large sums of money for medical treatment, medicine, and care in endeavoring to get cured of the disease, and, as far as appears, her medical attendant has had no difficulty in determining the particular nature of the disease, and has informed her on the subject. It may well be important for the defendants to know in advance of the trial what the plaintiff claims the particular name and nature of the disease is, in order that they may be able to meet the question on the trial as to the plaintiff's having contracted it in the manner she claims to have done. As there does not appear to be any difficulty in plaintiff's disclosing in her complaint the fact called for, we think the order should have required it to be done.

The order should be modified by requiring plaintiff to make her complaint more definite and certain by alleging therein the name, nature, character, or other description of the disease claimed to have been contracted by her, and, as so amended, affirmed, with costs to abide event. All concur.